FILED

JAN 22 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ acc DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LICONA,<br><br>　　　　Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden,<br><br>　　　　Respondent. | Case No.  15cv2813 BEN (JMA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

　　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis*. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### BASIS FOR PETITION

　　　　Further, it appears that a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is the not proper vehicle for raising the claims presented in the Petition. Section 2254 is the proper jurisdictional basis for a habeas petition by an individual challenging his or her state custody as the result of a state court conviction. 28 U.S.C.

§ 2254; *see also White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2003) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2008).

In his Petition, Petitioner states that, although he is in state custody, he seeks modification of his *federal* sentence in Case No. 08cr4581-JLS, which it appears he will begin serving after his state sentence is complete. Petitioner seeks to have his federal sentence modified to run concurrently with his state sentence. A challenge to the legality of detention by a federal prisoner must be presented in a motion filed pursuant to 28 U.S.C. § 2255. In general, a section 2255 motion is the means for challenging a federal conviction or sentence. *See Harrison v. Ollison*, 519 F.3d 952, 955-56 (9th Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir.2006); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Section 2255 provides as follows:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In contrast, petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C § 2241 in the custodial court. *See Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (holding that petitioners may challenge the execution of their sentences by bringing a 28 U.S.C. § 2241 petition); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

## CONCLUSION

Based on the foregoing, the Petition is **DISMISSED** without prejudice. If Petitioner seeks to challenge the execution of his federal sentence, he must via the proper vehicle, as discussed above. For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank § 2241 petition form, a blank § 2255 petition form, and a blank application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: January 22, 2016

HON. ROGER T. BENITEZ
United States District Judge